IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:07CR19 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | MEMORANDUM AND ORDER |
| MARIANO SICAROS-QUINTERO, | ) ) ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 229), filed by the defendant, Mariano Sicaros-Quintero. The motion is supported by a brief (Filing No. 230). Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

**FACTUAL BACKGROUND**

Sicaros-Quintero pleaded guilty to Counts IV and V of the Indictment charging him with distributing or possessing with: intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine (Count IV); and criminal forfeiture (Count V). On appeal, Sicaros-Quintero argued that the Court erred in: determining the drug quantity; applying an erroneous sentencing standard, and imposing an unreasonable sentence. The Eighth Circuit Court of Appeals affirmed Sicaros-

Quintero's sentence.

In his § 2255 motion, Sicaros-Quintero alleges ineffective assistance of trial counsel. In particular, Sicaros-Quintero alleges that his attorney failed to: argue that he should have received the benefit of the safety valve; request a minor role reduction; and request the presence of four codefendants and the confidential informant ("CI") at sentencing.

## DISCUSSION

In order to establish ineffective assistance of counsel, Sicaros-Quintero must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687.

### *I.   Safety Valve*

The plea agreement is not a cooperation plea agreement. The PSR reflected in ¶ 35 that the Defendant did not receive the benefit of the safety valve because he had not satisfied the fifth requirement:

> not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

U.S.S.G. § 5C1.2(a)(5).

The United States shall respond to this claim by filing an Answer. In addition to any

other issues raised in the Answer, the United States shall address whether the defendant's § 2255 claim is barred by procedural default, waiver, or untimeliness.

## II.   *Minor Role*

Sicaros-Quintero's plea agreement states that the parties agreed that Sicaros-Quintero was not entitled to an upward or downward role adjustment. (Filing No. 170, ¶ 4.) He does not allege that his plea was unknowing or involuntary Therefore, it plainly appears that Sicaros-Quintero cannot prove either prong of the *Strickland* test, and this claim is denied.

## III.   **Producing Codefendants and CI at Sentencing**

Sicaros-Quintero argues that his attorney was ineffective for not obtaining the presence of cooperating codefendants and the CI at sentencing and that as a result his right to confrontation was violated. The government introduced the proffer statements of three codefendants and a DEA report regarding a drug transaction between Sicaros-Quintero and the CI. The Defendant testified at sentencing that he was only involved in one transaction with one of the codefendants and that he did not know the others.

The Eighth Circuit has stated that "[t]he ability of the defendant to achieve through other means the effect that the excluded examination allegedly would have produced is a factor indicating that his right to confrontation was not violated." *United States v. Drapeau*, 414 F.3d 869, 875 (8th Cir. 2005). In Sicaros-Quintero's case, he achieved his goal of offering evidence that much of the drug quantity stated in the PSR in fact should not have been attributed to him. Therefore, it plainly appears that Sicaros-Quintero cannot prove either prong of the *Strickland* test. This claim is denied.

## CONCLUSION

For the reasons discussed, the second and third claims are denied. The government must answer the first claim.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 229);

2. Upon initial review, the Court finds that summary dismissal of the second and third claims is appropriate, and those claims are dismissed;

3. On or before November 5, 2009, the United States shall file an Answer to the first claim of the Defendant's § 2255 motion and support its Answer with a brief; and

4. On or before December 7, 2009, the Defendant may file a responsive brief.

5. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 5th day of October, 2009.

BY THE COURT:

S/Laurie Smith Camp
United States District Judge