IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO.   8:07CR19** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **MARIANO SICAROS-QUINTERO,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the merits of the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 229) filed by the Defendant, Mariano Sicaros-Quintero.  On initial review, the Court dismissed Claims Two and Three and required the government to answer Claim One.  In Claim One, Sicaros-Quintero argues that he received ineffective assistance of counsel and, had his attorney properly argued that he should have received the benefit of the safety valve, he would have received the benefit of the safety valve and, as a result, a lower sentence.

### FACTUAL BACKGROUND

Sicaros-Quintero pleaded guilty to Counts IV and V of the Indictment charging him with: distributing or possessing with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine (Count IV); and criminal forfeiture (Count V).  As the government stated in its Answer to the § 2255 motion, at sentencing Sicaros-Quintero testified that he only sold drugs once, on January 3, 2007. (Filing No. 219, 7:6-24; 8:11-14; 8:22-9:12.)  However, the Court did not find Sicaros-Quintero's testimony credible. (*Id.* 16:20-21.)  This credibility finding resulted in a denial of Sicaros-Quintero's objection to the drug quantity stated in the PSR.  The Eighth Circuit

Court of Appeals affirmed Sicaros-Quintero's sentence and specifically rejected his argument that the drug quantity was inaccurate.

In Claim One of his § 2255 motion, Sicaros-Quintero alleges ineffective assistance of trial counsel. In particular, Sicaros-Quintero alleges that his attorney, James Martin Davis, failed to argue that he should have received the benefit of the safety valve. This matter is now before the Court on the merits of this claim.

## DISCUSSION

In order to establish ineffective assistance of counsel, Sicaros-Quintero must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687.

The government's Answer, brief in support of its Answer, and evidence consisting of defense counsel's affidavit[1] support the record, including the Court's credibility finding at sentencing. Because the Defendant was not credible, and because he refused to talk to the government about his case, he has "not later than the time of the sentencing hearing . . . truthfully provided to the Government all information and evidence [he] has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f). Sicaros-Quintero has not rebutted the government's

---

[1] In his affidavit, Davis states that Sicaros-Quintero repeatedly told Davis that he would not to talk to the government about his case.

argument with any relevant information or claims, and his offer in his response to the government's Answer to truthfully talk about his drug transactions is too late under the clear statutory language. *Id.*

A § 2255 motion may be denied without an evidentiary hearing when the record "conclusively" shows that the movant is not entitled to relief. *Noe v. United States,* 2010 WL 1373196, at *7 (8th Cir. 2010). Sicaros-Quintero's assertions are overwhelmingly refuted by the other evidence and the record, including his own sworn testimony at sentencing. The record includes no factual support for Sicaros-Quintero's claim.

## CONCLUSION

Sicaros-Quintero has proved neither *Strickland* prong. Because the record conclusively shows that Sicaros-Quintero is not entitled to relief, Claim One of Sicaros-Quintero's motion is denied without an evidentiary hearing.

IT IS ORDERED:

1. The Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 229) is denied in its entirety;

2. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address; and

3. A separate Judgment will be filed.

DATED this 12th day of July, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge