**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:07CR19** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| **MARIANO SICAROS-QUINTERO,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Defendant's motion for a certificate of appealability (Filing No. 240), construed also as a notice of appeal, and the Defendant's morion for leave to proceed on appeal in forma pauperis (Filing No. 241).  The motion for leave to proceed in forma pauperis is supported by an affidavit (Filing No. 242) and the Defendant's prisoner trust account statement (Filing No. 243).

The Defendant appeals from the Memorandum and Order (Filing No. 238) and Judgment (Filing No. 239) denying Claim One[1] raised in his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion").   Federal Rule of Appellate Procedure 24 governs the Defendant's ability to proceed in forma pauperis on appeal.  However, before the Defendant may appeal the denial of his § 2255 motion, a "Certificate of Appealability" must issue.  Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996,  Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), the right to appeal the denial of a § 2255 motion is governed by the certificate of appealability requirements of 28 U.S.C. § 2253(c).  28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right:

---

[1]Claims Two and Three were summarily denied in an earlier Memorandum and Order (Filing No. 231), which is not a subject of the certificate of appealability.

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> ....
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).

A "substantial showing of the denial of a constitutional right" requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were '"adequate to deserve encouragement to proceed further."'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)).

The issues raised in the § 2255 motion regarding Claim One was carefully considered. The claim, arguing that counsel was ineffective for not arguing that the Defendant was entitled to the benefit of the safety valve, was denied because the Defendant lacked credibility and did not fulfill the fifth requirement of the safety valve criteria. Therefore, for the reasons set out in the Court's previously issued Memorandum and Order denying the first claim of the Defendant's § 2255 motion, the Court concludes that the Defendant has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c).

IT IS ORDERED:

1. The Defendant's motion for a certificate of appealability (Filing No. 240) is denied;

2. The Court denies the Defendant's motion for leave to proceed in forma pauperis on appeal (Filing No. 241);

3. The Clerk of Court is directed to send a copy of this Memorandum and Order to the Eighth Circuit Court of Appeals; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 11th day of August, 2010.

                                            BY THE COURT

                                            s/Laurie Smith Camp
                                            United States District Judge